IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WESTERN SURETY COMPANY,

                Plaintiff,

v.                                 CIVIL ACTION NO.   5:16-cv-09550

ROCK BRANCH MECHANICAL, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Western Surety's Company's Application for Temporary Restraining Order* (Document 5) and *Memorandum in Support* (Document 6), as well as the *Complaint* (Document 1), and all attached exhibits.   For the reasons stated herein, the Court finds that the motion for a temporary restraining order should be denied.

## FACTUAL BACKGROUND

On June 4, 2014, Western Surety entered into an agreement with Rock Branch Mechanical, Inc., (hereinafter, "Rock Branch") a contracting company, to issue Rock Branch two subcontract payment and performance bonds, each in the amount of $2,771,970.00. (Subcontract Bonds, att'd as Ex. 1A and 1B to Pl.'s Compl., Documents 1-1 and 1-2.)   The Plaintiff issued these bonds to Rock Branch based on Rock Branch's status as a subcontractor hired by Radford & Radford, Inc., to perform certain mechanical and electrical HVAC work on the West Virginia School of Osteopathic Medicine in Lewisburg, West Virginia.   Upon issuance of these bonds, the Plaintiff and Rock Branch entered into a General Agreement of Indemnity ("GAI").   (General Agreement

of Indemnity, att'd as Ex. 2 to Pl.'s Compl., Document 1-3.)   Pursuant to the GAI, Rock Branch

agreed to exonerate, indemnify, and hold the Plaintiff harmless from any and all losses as a result

of the issuance of the bonds.   Rock Branch specifically agreed to deposit with the Plaintiff, on

demand, collateral security in an amount the Plaintiff deemed satisfactory at any time the Plaintiff

determined that such collateral was necessary to protect the Plaintiff from loss.

On May 19, 2016, Radford & Radford issued a Notice of Termination terminating the

subcontract between it and Rock Branch.   Radford alleged that Rock Branch had failed to carry

out its work promptly and properly, and had failed to make prompt and proper payments for labor,

materials, or equipment.   In turn, the Plaintiff has received claims for labor and material from

Rock Branch's subcontractors and a demand from Radford & Radford to complete the project.

On September 26, 2016, the Plaintiff asserted its demand to Rock Branch that Rock Branch provide

the agreed upon collateral to the Plaintiff in the amount of $550,067.75 as a result of the claims

the Plaintiff received due to Rock Branch's failure to perform on its subcontract.   The Plaintiff

asserts that Rock Branch has failed to perform those demands and has breached the GAI, and that

such breach has caused the Plaintiff to suffer a collective loss of $266,746.23.

The Plaintiff initiated this action on October 12, 2016.   On October 20, 2016, the Plaintiff

filed its application for a temporary restraining order.

## APPLICABLE LAW

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining

order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss, or damage
> will result to the movant before the adverse party can be heard in
> opposition; and (B) the movant's attorney certifies in writing any

2

> efforts made to give notice and the reasons why it should not be
> required.

Fed. R. Civ. P. 65(b)(1).   Preliminary relief is considered an "extraordinary remedy."   *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."   *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).   Plaintiffs must satisfy all four requirements.   *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion).

## DISCUSSION

The Plaintiff seeks a temporary restraining order barring the Defendants from selling, encumbering, or otherwise disposing of their assets, other than for legitimate expenses arising from the Defendants' ordinary course of business, without the consent of the Plaintiff.   The Plaintiff requests that a temporary restraining order be issued because the Plaintiff alleges that the Defendants intend to pay the Branch Banking and Trust Company ("BB&T") approximately $170,000.00 in regards to a lawsuit BB&T has filed against the Defendants in the Circuit Court of Putnam County, West Virginia.

In support of its application for preliminary relief, the Plaintiff argues that it is likely to succeed on the merits because the parties entered into a legally binding GAI, and the Defendant breached that GAI by refusing to indemnify and hold the Plaintiff harmless for liabilities incurred as a result of the bonds issued to Rock Branch.   The Plaintiff further asserts that the Defendant's breach of the GAI entitles the Plaintiff to specific performance.   The Plaintiff asserts that it will suffer irreparable harm absent a temporary restraining order because Rock Branch is disposing of

3

assets that the Plaintiff believes it is otherwise entitled to pursuant to the GAI, and because there has been no proper determination made concerning the Plaintiff's rights to these assets.   Because the Plaintiff seeks to force the Defendants to comply with the contract they entered into, and because the Defendants could continue to do business while the Plaintiff's loss was prevented, the Plaintiff asserts that the balance of equities tips in the Plaintiff's favor.   Lastly, the Plaintiff asserts that the public interest in enforcing contracts would best be served by awarding the temporary restraining order.

The Court finds that the Plaintiff has presented sufficient evidence to support a finding that it is likely to succeed on the merits as to the breach of contract claims.   However, the Plaintiff has not presented sufficient evidence to prove irreparable harm, or that the balance of the equities tips in its favor.   First, the Plaintiff's alleged irreparable harm arises from collateral over which the Plaintiff does not know to a certainty it has a right to.   Even if the Plaintiff was awarded a temporary restraining order preventing Rock Branch from disposing of assets, the Plaintiff may not have a right to the money in question.   The Plaintiff does not present sufficient evidence to prove an irreparable harm by simply claiming that it may or may not have a right to funds the Defendants intend to use to resolve other litigation.

Secondly, the Plaintiff in this litigation ultimately seeks from the Court an award of specific performance in the form of monetary funds from the Defendants.   According to the Fourth Circuit, courts are reluctant to grant extraordinary preliminary relief when the Plaintiff's alleged harm "can be remedied by monetary damages."   *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994).   The Plaintiff here has presented no evidence that it would be unable to obtain the monetary award sought from the Defendants without a temporary restraining

4

order.   Moreover, to find that irreparable harm exists in this instance would set a precedent for irreparable harm in any breach of contract case where a plaintiff may potentially have a right to a defendant's assets, a step the Court is not willing to take.   Indeed, the Plaintiff itself suggests that Rock Branch could continue to carry out its day-to-day functions with a temporary restraining order in place, which weighs against any suggestion that Rock Branch will be unable to meet its financial obligations.

Lastly, the Plaintiff presents no evidence to support that the public interest is anything but neutral.   While the public does, indeed, have an interest in the enforcement of contracts, the public also has an interest in the prompt resolution of legal disputes.   Information provided by the Plaintiff suggests that Rock Branch is currently in other legal disputes, and that the funds in question would go toward resolving that litigation in a prompt manner.

Therefore, having found that the Plaintiff has not satisfied each required element of the test governing the award of a temporary restraining order, the Court finds that the Plaintiff's motion should be denied.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that *Western Surety Company's Application for Temporary Restraining Order* (Document 5) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    October 31, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

5